## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAWN CARMICHAEL                          :
    vs.                                  :
HEPBURN, WILLCOX, HAMILTON    :   CIVIL ACTION NO.
 & PUTNAM, LLP, et al                  :   2:07-cv-3222

## AMENDED COMPLAINT

## I.        THE PARTIES

1.      Plaintiff, DAWN CARMICHAEL, is an adult individual  who currently resides at 813 N. 12th Street, Philadelphia, PA 19123.

2.      Defendant, HEPBURN, WILLCOX, HAMILTON & PUTNAM, LLP ("Defendant "Hepburn" ) is a limited liability partnership pursuant to the laws of the Commonwealth of Pennsylvania .  Defendant Hepburn, Willcox, Hamilton, and Putnam, LLP is now in practice under the name of its successor, Hepburn, Robertson, Axelrod and White, LLC.

3.      Defendant, Hepburn is engaged in the practice of law in the Commonwealth of Pennsylvania and the firm has been practicing law since 1880.

4.      Defendant, Hepburn, currently has an office located at 2 Penn Center, 1500 JFK Blvd., Suite 1820 Philadelphia, PA 19103.

1

5.      Defendant, SUSAN LETTERMAN-WHITE ESQUIRE, ("Defendant WHITE"), has been at all times material herein, an attorney and member of Defendant Hepburn's firm.

6.      Defendant, MICHAEL V. PHILLIPS, ESQUIRE ("Defendant Phillips"),was at all times material herein an attorney, an associate, and employee of Defendant Hepburn.

7.      Defendant, THE SALVATION ARMY, ("Defendant Army") is a non-profit organization, which provides aid and assistance to the indigent partially through contractual arrangements with various governmental entities, including the City of Philadelphia.

8.      Defendant Army, has at all times material herein a facility located at 701 N. Broad Street, Philadelphia, PA 19123.

9.      Defendant, GARY DECKERT, has at all times material herein, been the Director of Philadelphia Social Service Ministries for Defendant Army.

10.     At all times material herein and currently, Defendant Deckert has had an office located at 701N. Broad Street, Philadelphia, PA 19123.

## II.        FACTUAL BACKGROUND

11.     The allegations of paragraphs 1 through 10 are incorporated herein by reference.

2

12.     Plaintiff was employed by Defendant Army from April 7, 2003 until her termination on or about June 1,2006.

13.     Immediately prior to her termination by Defendant Army, Plaintiff was a Kitchen Supervisor at Defendant Army's shelter at 701 N. Broad Street, Philadelphia, PA 19123..

14.     On May 8, 2006, Plaintiff complained to Carla Pickard, the Human Resources Manager of Defendant Army that Plaintiff believed that her immediate supervisor, Susan Brotherton, would not intervene when the Plaintiff or members of  her staff were threatened by residents.

15     On or about May 15, 2006, Plaintiff was threatened with disciplinary action for failure to come to work over the Mother's Day weekend, even though Plaintiff was not scheduled to work the Mother's Day weekend. .

16.     On or about May 15, 2006, Plaintiff informed Carla Pickard, Human Resources Manager of Defendant Army, of this threat to Plaintiff from Ms. Brotherton.

17.     On or about May 16, 2006, Plaintiff forwarded a letter of complaint to Ms.Pickard, Defendant Deckert and another Defendant Army employee, Major Bode of Defendant Army's headquarters.

18.     On or about May 16, 2006, Plaintiff sent a letter to her immediate

3

supervisor, Susan Brotherton complaining about the treatment Plaintiff received from Defendant Army.

19.     On or about May 22, 2006, Plaintiff's supervisor, Ms. Brotherton informed Plaintiff of a change in job description, the first and only time such a change was made during the tenure of Plaintiff.

20..    On or about June 1, 2006, Plaintiff was terminated by Defendant Army allegedly for refusing to sign the job description.

21.     Plaintiff had signed the job description.

22.     On or about June 5,2006, Plaintiff exercising her constitutional rights protected by the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, wrote to Dainette Mintz, Deputy Managing Director of the City of Philadelphia discussing conditions at The Salvation Army Shelter on Broad Street, Philadelphia, PA..**(Exhibit "A")**

23.     Defendant Army has, upon information and belief, contracts with the City of Philadelphia to accept individual and families  into its shelter on North Broad Street, Philadelphia, PA.


24.     In July 2006 Defendant Army acting through its counsel, Defendant Hepburn, filed a slander and libel lawsuit against the Plaintiff.

4

I11.        **Plaintiff  v. Defendant Hepburn**
            **(Violation of Wrongful Use of Civil Proceedings Statute)**

25.    The allegations of paragraphs 1 through 24 are incorporated herein by reference.

26.    On or about July 19, 2006, Defendant, Hepburn, acting as the legal representative of Defendant, Army, filed a lawsuit for slander and libel seeking damages and requesting injunctive relief against Plaintiff.  (Exhibit "B")

27.    By filing the slander and libel lawsuit at the behest of Defendant, Army, Defendant, Hepburn, was acting in a grossly negligent manner, without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder or adjudication of the claim.

28.    Defendant, Hepburn's action in filing the slander and libel lawsuit which lacked merit against Plaintiff, and at the behest of Defendant, Army, was motivated by improper motives, namely the desire of Defendant Hepburn, its agents and Defendant Army and its agents to chill Plaintiff from exercising her rights guaranteed by the First and Fourteenth Amendments of the Constitution of the United States and Article One, §7 of the Constitution of the Commonwealth of Pennsylvania.

29.    Defendant Hepburn, by filing the slander and libel lawsuit against

5

Plaintiff, also had a improper motive in asking the Courts of the Commonwealth of Pennsylvania to engage in a prior restraint of speech of the Plaintiff, also in violation of the First and Fourteenth Amendments of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

30.     The lawsuit filed as legal representative of Defendant Army by Defendant Hepburn against Plaintiff, was terminated in favor of the Plaintiff herein because the suit was voluntarily withdrawn after counsel for Plaintiff filed Preliminary Objections.

**WHEREFORE,** Plaintiff requests damages against Defendant Hepburn for the harm suffered by Plaintiff during the course of the proceedings of the slander and libel lawsuit, the harm to the reputation of Plaintiff by the lawsuit, for any pecuniary loss which may have resulted from the lawsuit,  for the substantial emotional distress suffered by the Plaintiff because of the lawsuit, and punitive damages, all in excess of $50,000.00.

**IV.          Plaintiff vs. Defendant Army
          (Violation of Wrongful Use of Civil Proceedings Statute)**

31.     The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32.     On or about July 19, 2006 ,Defendant Army filed a lawsuit for

slander and libel against the Plaintiff.

33.     By filing the slander and libel lawsuit Defendant, Army,
was acting in a grossly negligent manner, without probable cause and primarily for
a purpose other than that of securing the proper discovery, joinder or adjudication
of the claim.

34.     The motives of Defendant Army in filing the libel and slander
complaint against the Plaintiff, were improper motives, namely chilling the rights
of Plaintiff guaranteed by the First and Fourteenth Amendments of the
Constitution of the United States and Article One,§7 of the Constitution of the
Commonwealth of Pennsylvania.

35.     Defendant, Army, in filing the slander and libel lawsuit against
Plaintiff also had a bad motive in asking the Courts of the Commonwealth of
Pennsylvania to engage in a prior restraint of speech of the Plaintiff, also in
violation of the First and Fourteenth Amendments of the Constitution of the
United States and the Constitution of the Commonwealth of Pennsylvania.

36.     The lawsuit filed by Defendant Army, was terminated in favor of
the Plaintiff herein because the suit was voluntarily withdrawn after counsel for
Plaintiff filed Preliminary Objections.

**WHEREFORE,** Plaintiff requests damages against Defendant Army  for

7

the harm suffered by her during the course of the proceedings of the slander and

libel lawsuit, the harm to the reputation of Plaintiff by the lawsuit, for any

pecuniary loss which may have resulted from the lawsuit, for the substantial

emotional distress suffered by the Plaintiff because of the lawsuit, and punitive

damages, all in excess of $50,000.00.

**V.          Plaintiff vs. Defendant Deckert**

37.    The allegations of paragraphs 1 through 36 are incorporated herein

by reference.

38.    Defendant, Deckert, the Director of Social Services Ministries for

Defendant Army, was instrumental in filing the slander and libel action against

Plaintiff.

39.    By initiating and being instrumental in the lacking merit slander and

libel lawsuit against the Plaintiff, Defendant, Deckert, was acting in a grossly

negligent manner, without probable cause and primarily for a purpose other than

that of securing the proper discovery, joinder or adjudication of the claim.

40.    Defendant, Deckert, in filing the slander and libel lawsuit against

Plaintiff also had a bad motive in asking the Courts of the Commonwealth of

Pennsylvania to engage in a prior restraint of speech of the Plaintiff, also in

violation of the First and Fourteenth Amendment of the Constitution of the United

States and the Constitution of the Commonwealth of Pennsylvania.

41.    Defendant, Deckert, initiating the lawsuit against the Plaintiff, was motivated by improper motives, namely the desire of Defendant, Deckert, to chill Plaintiff from exercising her rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Article One,  §7 of the Constitution of the Commonwealth of Pennsylvania.

42     The lawsuit initiated by Defendant, Deckert, was terminated in favor of the Plaintiff herein because the suit was voluntarily withdrawn after counsel for Plaintiff filed Preliminary Objections.

**WHEREFORE,** Plaintiff requests damages against Defendant Deckert for the harm suffered by her during the course of the proceedings of the slander and libel lawsuit, the harm to the reputation of Plaintiff by the lawsuit, for the substantial emotional distress suffered by the Plaintiff because of the meritless lawsuit, any pecuniary losses which may have resulted from the lawsuit and punitive damages  all in excess of $50,000.

**VI .**        **Plaintiff v. Susan Letterman-White, Esquire**

43.    The allegations of paragraphs 1 through 42 are incorporated herein

9

by reference.

44.    Defendant White, acting as a legal representative of Defendant, Army, prepared, filed or otherwise participated in the filing of the slander and libel action against Plaintiff.

45.    By preparing, filing or otherwise participating in the filing of the meritless slander and libel lawsuit against Plaintiff, Defendant White, was acting in a grossly negligent manner, without probable cause and primarily for a purpose other than that of securing the proper discovery, order or adjudication of the claim.

46.    Defendant, White initiating the lawsuit against the Plaintiff, was motivated by improper motives, namely the desire of Defendant, Deckert, to chill Plaintiff from exercising her rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and Article One,  §7 of the Constitution of the Commonwealth of Pennsylvania.

47.    Defendant, White , in filing the slander and libel lawsuit against Plaintiff also had a bad motive in asking the Courts of the Commonwealth of Pennsylvania to engage in a prior restraint of speech of the Plaintiff, also in violation of the First and Fourteenth Amendment of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

48    The lawsuit which Defendant, White, prepared, filed or otherwise

10

participated was terminated in favor of the Plaintiff herein because the suit was voluntarily withdrawn after counsel for Plaintiff filed Preliminary Objections.

**WHEREFORE,** Plaintiff requests damages against Defendant White for the harm suffered by her during the course of the proceedings of the slander and libel lawsuit, the harm to the reputation of Plaintiff by the lawsuit, for the substantial emotional distress suffered by the Plaintiff because of the lawsuit, any pecuniary losses which she may have suffered because of the lawsuit and punitive damages all in excess of $50,000.

**VII .        Plaintiff vs. Michael V. Phillips, Esquire**

49     The allegations of paragraphs 1 through 48 are incorporated herein by reference.

50.    Defendant Phillips, acting as a legal representative of Defendant, Army, prepared, filed or otherwise participated in the filing of the slander and libel action against Plaintiff.

51.    Defendant, Phillips, by preparing, filing or otherwise participating in the filing of the lawsuit against the Plaintiff, was motivated by improper motives, namely the desire of Defendant Phillips  to chill Plaintiff from exercising her rights guaranteed by First and Fourteenth Amendments to the Constitution of the United States and Article One,  §7 of the Constitution of the Commonwealth of

11

Pennsylvania.

52.     Defendant, Phillips in filing the slander and libel lawsuit against Plaintiff also had a bad motive in asking the Courts of the Commonwealth of Pennsylvania to engage in a prior restraint of speech of the Plaintiff, also in violation of the First and Fourteenth Amendment of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.

53.     The lawsuit which Defendant, Phillips, prepared, filed or otherwise participated was terminated in favor of the Plaintiff herein because the suit was voluntarily withdrawn after counsel for Plaintiff filed Preliminary Objections.

**WHEREFORE,** Plaintiff requests damages against Defendant Phillips for the harm suffered by Plaintiff during the course of the proceedings of the slander and libel lawsuit, the harm to the reputation of Plaintiff by the lawsuit, for the substantial emotional distress suffered by the Plaintiff because of the lawsuit, any

12

pecuniary losses which she may have suffered because of the lawsuit and punitive

damages all in excess of $50,000.

Respectfully submitted,

_____

Howard K. Trubman, Esquire
Attorney for Plaintiff

Dated:_____